875 F.2d 317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aristotle Z. VANEXASS, Plaintiff-Appellant,
v.
Sheriff ROSSER, Defendant-Appellee.
 No. 88-7805.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 10, 1989.
Decided May 2, 1989.
 
 Aristotle Z. Vanexass, appellant pro se.
 W. Glenn Johnson, Johnson & Johnson, for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Aristotle Z. Vanexass, President of the Federation of Environmental Sanctuary Churches, Inc., filed this action pursuant to 42 U.S.C. Sec. 1983. Vanexass sued Rosser for constitutional violations which allegedly occurred while Vanexass was a pretrial detainee in Harnett County Jail. The district court dismissed the action for failing to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6). We disagree.
 
 
 2
 Vanexass' original complaint alleged several possible constitutional violations but did not state a claim for relief. Soon after filing his complaint, Vanexass filed an amendment to the complaint which asked for injunctive relief and an award of monetary damages, among other forms of relief. This amendment was filed as of right pursuant to Fed.R.Civ.P. 15(a). Therefore the complaint should have been read as it was amended rather than as it was when originally filed.
 
 
 3
 Vanexass' claims that he was forced to shower in view of female deputies and was denied possession of a Bible may state valid claims for relief, if proven. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133 (4th Cir.1982) (pretrial detainees have general right not to be exposed naked to members of opposite sex); Brown v. Peyton, 437 F.2d 1228 (4th Cir.1971) (right to possess religious books). Similarly, his claim that he was arrested for the purpose of preventing him from filing suit against the defendant would, if proven, entitle him to relief. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir.1974); cf. Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir.1987) (prisoner's transfer in retaliation for attempting to exercise right of access to courts would state a basis for relief under Sec. 1983). Therefore, we hereby vacate the district court's order as to these claims and remand them for further appropriate action.
 
 
 4
 We affirm the district court's order as to Vanexass' other claims. His claim of denial of access to legal materials and long distance phone calls to his attorney fail because Vanexass does not show that actual injury resulted. Magee v. Waters, 814 F.2d 457 (4th Cir.1987). The claims concerning jail conditions fail because they were not so harsh as to constitute pre-adjudication punishment of a detainee. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Finally, Vanexass' claims concerning his property do not amount to constitutional violations because North Carolina provides a meaningful post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.